**PACIFIC GAS AND ELECTRIC COMPANY, Petitioner,**

**Merced Irrigation District, Intervenor,**

**v.**

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Pacific Gas and Electric Company, Petitioner,**

**v.**

**Federal Energy Regulatory Commission, Respondent.**

**Southern California Edison Company, Petitioner,**

**v.**

**Federal Energy Regulatory Commission, Respondent.**

**Southern California Edison Company, Petitioner,**

**v.**

**Federal Energy Regulatory Commission, Respondent.**

Nos. 01–71251, 01–71270, 01–71297, 01–71303.

FERC Nos. ER99–3713, EL–98–46.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Aug. 6, 2002.

---

1. Haro's attorney was present in Immigration Court while he was being represented by the intern.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

MEMORANDUM *.

Pacific Gas & Electric Company ("PG&E") and the Southern California Edison Company ("Edison") (together, "Petitioners") petition for review from a decision of the Federal Energy Regulatory Commission ("FERC" or "Commission") denying rehearing of its order which accepted for filing an executed Interconnection Agreement ("IA") between PG&E and Fresno Irrigation District as well as a similar agreement between Edison and Laguna Irrigation District. FERC required PG&E and Edison to provide a series of "wholesale" electrical interconnections to Laguna and to Fresno so that Laguna and Fresno could take advantage of a California retail access program and enhance competition in the market of electricity.

We have jurisdiction pursuant to Section 313(b) of the Federal Power Act ("FPA"), 16 U.S.C. § 825*l*(b) and we affirm. Because the parties are familiar with the procedural and factual history of this case, we do not recount it here except as necessary to explain our decision.

As this case concerns the Commission's interpretation of the FPA, we will follow the framework enunciated in *Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(1984). *Chevron* "mandates that absent a clear expression of congressional intent to the contrary, courts should defer to reasonable agency interpretations of ambiguous statutory language." *Friends of Cowlitz v. FERC*, 253 F.3d 1161, 1166 (9th Cir.2001); *see also, City of Seattle v. FERC*, 923 F.2d 713, 715 (9th Cir.1991) (court generally shows "great deference" to the Commission's interpretation of the law it is charged with administering).

▪ Under FPA § 210(c), the Commission cannot grant an application for an order directing interconnection unless it is determined that such order (1) is in the public interest, (2) would either (A) encourage overall conservation of energy or capital, (B) optimize the efficiency of use of facilities and resources, or (C) improve the reliability of any electric utility system to which the order applies, and (3) meets the requirements of FPA § 212. The central issue in this case is whether the interconnection orders in question violate § 212, specifically § 212(h).[1]

In its decision, the Commission ruled that § 212(h) presents no barrier to the Commission's order because § 212(h) only applies to requests for transmission and, since here the Commission was only ordering interconnection, § 212(h) is inapplicable.

It is true that some provisions of § 212 do not apply to § 210 interconnection orders and only apply to FPA § 211 Commission orders (i.e. orders requiring the *transmission* of electrical power). However, Petitioners argue that the Commission's interpretation that § 212(h) does not apply to § 210 orders was unreasonable. In support, Petitioners point out that when

Congress intended to limit a sub-section of § 212 to transmission orders, Congress expressly provided that the sub-section applies only to an order "under section 824j [§ 211] of this title." *See* FPA §§ 212(a), (c)(2)(B), (i)(2)(B), (i)(4), (j) and (k); 16 U.S.C. § 824*k*(a), (c)(2)(B), (i)(2)(B), (i)(4), (j) and (k). Petitioners reason that, since Congress failed to employ such a directive in § 212(h), it must have intended to not exempt interconnection requests (i.e. requests filed under § 210) from the requirements of § 212(h).

The Commission, however, points to the language of § 212(h), which states that "No order issued under this chapter shall be conditioned upon or require *the transmission* of electric energy . . . ." 16 U.S.C. § 824*k*(h) (emphasis added). As this wording refers only to orders requiring transmission, the Commission reasoned that § 212(h) does not apply to requests that merely require an interconnection order.

▪ It is noteworthy that Congress omitted language in § 212(h) explicitly limiting that section to § 210 orders, yet used such language in other sections of § 212. *See* 2A Norman J. Singer, Sutherland Statutory Construction § 46.06 (6th ed. 2000 & Supp. 2002) ("[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended."). However, we have held that "canons of construction are mere aids to the determination of legislative intent" and common sense must be the ultimate guide. *Polson Logging Co. v. U.S.*, 160 F.2d 712, 716 (9th Cir.1947). Because

---

1. Subsection 212(h) prohibits the Commission from ordering retail wheeling or sham wholesale transactions. Wheeling is the transmission of power across a utility secure territory. Retail wheeling is alternately defined as state-

ordered transmission of power by utilities for other power suppliers or allowing a distant producer to use another company's network to reach retail customers directly

§ 212(h) specifically refers to "transmission," we cannot say that the Commission's interpretation (i.e. that § 212(h) only applies to transmission orders and not requests for interconnection) is unreasonable under *Chevron.*[2]

Accordingly, the petition for review is DENIED.

---

2. As to Petitioners' argument that the Commission did in fact order transmission as well as interconnection, we find such an assertion unsupported by the record. Indeed, a look at the IA reveals the following language: "PG&E has, and will have no obligation under this Agreement to supply District any wholesale electric power or any other electric services ...."; "Under this agreement, PG&E does not undertake to provide or make available any transmission service, distribution service, or Ancillary service ...".